IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MATTHEW WHEELER and
CHRISTY WHEELER                                           PLAINTIFFS

v.                           Case No. 06-6056

YAMAHA MOTOR CORPORATION,
U.S.A.; YAMAHA MOTOR
MANUFACTURING CORPORATION
OF AMERICA; YAMAHA MOTOR CO.,
LTD; RICHARDS HONDA/YAMAHA
and DOES 1 THROUGH 10,
Inclusive                                                  DEFENDANTS

**ORDER**

NOW on this 29th day of November 2006, comes on for consideration the **Motion to Dismiss or for Remand** (document #10) of Richards & Sons, Inc. d/b/a Richards Honda. The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows:

1.  The plaintiffs, Matthew Wheeler and Christy Wheeler, initiated this action in the Circuit Court of Pulaski County, Arkansas on September 1, 2006[1] against the defendants Yamaha Motor Corporation, U.S.A., Yamaha Motor Manufacturing Corporation of

---

[1] This case was previously filed in the Central District of the United States District Court for California. The California case was transferred to this Court on July 20, 2006. Plaintiffs then, on August 29, 2006, took a voluntary non-suit in accordance with Rule 41 of the Federal Rules of Civil Procedure. The case was subsequently refiled in the Circuit Court of Pulaski County, Arkansas.

1

America, Yamaha Motor Co., Ltd., and Richards & Sons, Inc. d/b/a Richards Honda[2].

2. Separate defendants Yamaha Motor Corporation, U.S.A. ("YMUS") and Yamaha Motor Manufacturing Corporation of America ("YMMC") removed the matter to this Court on October 3, 2006. In their notice of removal, YMUS and YMMC assert that the action may be removed to this Court pursuant to 28 U.S.C. § 1441 because diversity of citizenship jurisdiction exists.

3. Richards & Sons, Inc. d/b/a Richards Honda ("Richards") has now filed its **Motion to Dismiss or for Remand** (document #10). Richards argues that it should be dismissed, or this matter remanded, for the following reasons:

\* the removal violates the "forum defendant" rule set forth in 28 U.S.C. § 1441(b); and,

\* this case was improperly removed to a district court other than that which encompasses the state court in which the original action was filed. 28 U.S.C. § 1441(a).

Richards urges this Court to retain jurisdiction over this matter, and then dismiss Richards on the basis of fraudulent joinder. Alternatively, Richards argues that this matter should be remanded for lack of subject matter jurisdiction, due to a defect in removal based on 28 U.S.C. § 1446 and 1441.

---

[2]Richards & Sons, Inc. d/b/a Richards Honda is identified in the complaint as "Richards Honda/Yamaha".

4. The plaintiffs have *briefly* responded to Richards' motion. Although the plaintiffs simply state that Richards "should not be dismissed from the case," the plaintiffs do not object to the case being remanded to state court.

The removing defendants, Yamaha Motor Corporation, U.S.A. ("YMUS") and Yamaha Motor Manufacturing Corporation of America ("YMMC"), have not responded to Richards' motion.

5. First, this Court will address Richards' argument that removal to this Court violates the "forum defendant" rule set forth in 28 U.S.C. § 1441(b). "Under the so-called 'forum defendant rule,' a non-federal question case 'shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" Horton v. Conklin, 431 F.3d 602, 604 (8th Cir. 2005)(quoting 28 U.S.C. § 1441(b)). It is undisputed that Richards is an Arkansas corporation with its principle place of business in Little Rock, Arkansas. Thus, Richards' Arkansas citizenship causes removal of this matter to violate the forum defendant rule. Id.

Richards argues that, instead of remanding this case to the state court, this Court should find that its joinder to the case is fraudulent – and that it should be instead dismissed. Fraudulent joinder exists when there is "no reasonable basis in fact and law supporting a claim against the resident defendants".

Menz v. New Holland North America, Inc., 440 F.3d 1002, 1005 (8th Cir. 2006)(citations omitted). Although Richards argues that the allegations against it are not specific, this Court is not convinced that the plaintiffs' complaint fails to state a reasonable claim against Richards or that Richards was joined in bad faith.

6. Therefore, the Court finds that the removal of this matter is jurisdictionally defective, and that the matter should be, and it hereby is, remanded to the Circuit Court of Pulaski County.[3]

**IT IS, THEREFORE, ORDERED** that Richards' **Motion to Dismiss or for Remand** (document #10) is **granted in part** in that this matter is remanded to the Circuit Court of Pulaski County, Arkansas.

**IT IS, FURTHER ORDERED** that the Clerk of Court is directed to remand this matter to the Circuit Court of Pulaski County, Arkansas.

**IT IS SO ORDERED.**

/S/JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE

---

[3] Because this Court finds that the removal of this action violates the "forum defendant" rule, the Court will not address the other arguments in support of remand set forth by Richards.